**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ARTHUR LEE SNEED,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | No. 3:13-CV-971-L (BF) |
| | § | |
| **STEPHEN H. MILLER, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), and a Standing Order of Reference from the District Court, this case has been referred to the United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court for recommendation are the following motions: (1) Defendant Chris Pryor's ("Pryor") Motion to Dismiss Under FED. R. CIV. P. 12(b)(2)(5) and (6) (doc. 10), (2) Defendant Richard Magnis' ("Judge Magnis") Motion to Dismiss Under Federal Rules 12(b)(1) and 12(b)(6) (doc. 12), and (3) Defendant Stephen H. Miller's ("Miller") Motion to Dismiss Under FED. R. CIV. P. 12(b)(2)(5) and (6) (doc. 17). Plaintiff Arthur Lee Sneed ("Plaintiff") failed to file any responses to the aforementioned motions, and the time to do so has expired. Because the Court finds that it lacks subject matter jurisdiction, the Court recommends that the District Court dismiss the case without prejudice and deny defendants' motions to dismiss as moot.

**Background**

Plaintiff, proceeding *pro se,* filed this civil rights action in federal court on March 4, 2013, alleging that defendants Pryor, Judge Magnis, Miller, and Paula Cook (collectively referred to as "Defendants") violated his civil and constitutional rights. (Pl.'s Compl. at 3.) Because the events

giving rise to Plaintiff's Complaint occurred in Dallas County, the case was transferred from the Western District of Texas to the Northern District of Texas. In his Complaint, Plaintiff alleges that Defendants "uphold[] corruption" and denied him his constitutional and civil rights. (*Id.*) Plaintiff further claims that Defendants "knowingly and intentionally misleaded [sic] me and the jurors, I didn't get to see the police video until a year and ten days later while always asking . . . ." (*Id.* at 4.) Plaintiff then appears to make some allegations against police officers stating that they "will violate you until deadly force is needed. My civil and constitutional rights was [sic] violated. The officers put me in danger." Finally, Plaintiff states that he wants his assault of a public servant case dismissed and Defendants to each be fined one million dollars and tried in federal court. (*Id.*)

## Jurisdiction

Subject matter jurisdiction may be raised by a court *sua sponte. Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583-84 (1999). In fact, at any level of the proceedings, a federal court has an independent duty to examine whether it has subject matter jurisdiction over the case. *See id*. at 583 ("[S]ubject matter delineations must be policed by the courts on their own initiative even at the highest level."). Furthermore, before a federal court can consider the merits of a claim, it must be satisfied that it has subject matter jurisdiction over the action. *Id.* Accordingly, before turning to the pending motions to dismiss, this Court must first determine whether it has jurisdiction to hear the case.

The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties and the amount in controversy exceeds the jurisdictional minimum. *See* 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties

of the United States. 28 U.S.C. § 1331. A claim "arises under" federal law when the federal question

is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542

U.S. 200, 207 (2004). The party asserting jurisdiction carries the burden of establishing subject

matter jurisdiction. *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.,* 666 F.3d 932, 935

(5th Cir. 2012).

In this case, Plaintiff brings his Complaint as a civil rights action pursuant to 42 U.S.C. §

1983 and, thus, his claim "arises under" federal law. However, "litigants may not obtain review of

state court actions by filing complaints about those actions in lower federal courts cast in the form

of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986). In what has become widely-

known as the *Rooker-Feldman* doctrine,[1] "federal district courts lack jurisdiction to entertain

collateral attacks on state court judgments. Constitutional questions arising in state proceedings are

to be resolved by the state courts." *Liedtke v. State Bar of Texas,* 18 F.3d 315, 317 (5th Cir. 1994).

Accordingly, the judgment of a state trial court is to be reviewed by the appropriate state appellate

court and federal district courts "lack appellate jurisdiction to review, modify, or nullify final orders

of state courts." *Id.* (quoting *Kimball v. Florida Bar*, 632 F.2d 1283, 1284 (5th Cir. 1980)) (internal

alterations and quotation marks omitted).

Moreover, the *Rooker-Feldman* doctrine is not limited to just those cases which blatantly

seek review of the state court's judgment; the doctrine also extends to those cases in which "the

constitutional claims presented in federal court are inextricably intertwined with the state court's

grant or denial of relief." *Hale*, 786 F.2d at 691 (quoting *Feldman,* 460 U.S. at 482 n.16) (internal

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

alterations and quotation marks omitted).

Plaintiff clearly seeks review and modification of the state court's judgment in his assault of a public servant case, as Plaintiff requests this Court to dismiss the case. Additionally, all of Plaintiff's allegations appear to stem from that one criminal case. Plaintiff attached several documents to his Complaint, and after reviewing these documents, they similarly are all related to Plaintiff's criminal conviction. For example, Plaintiff attached a copy of the Dallas Police Department's arrest warrant, his indictment for the assault charge, his personal statements regarding the incident which led to his arrest, and a grievance form which he submitted to the State Bar of Texas against his court-appointed attorney who represented him in the assault case. (*See* Pl.'s Compl. at 6-33.) Plaintiff seeks this Court to review and modify the state court's judgment, an action for which this Court lacks jurisdiction. *See Liedtke,* 18 F.3d at 317. Moreover, any constitutional claims presented by Plaintiff are inextricably intertwined with the state court's judgment and, thus, are barred by the *Rooker-Feldman* doctrine. *See Hale*, 786 F.2d at 691. Plaintiff alleges corrupt activities by the police officers, however, none of the police officers are listed as defendants in this lawsuit. Instead, Plaintiff sued the judge presiding over the case, Judge Magnis; the Assistant District Attorney of Dallas County, Pryor, who prosecuted the action; and his court-appointed attorney who represented him, Miller.[2] Plaintiff alleges trial and discovery misconduct against these Defendants for actions which resulted in the jury finding him guilty and the judgment against him in state court.

The Court finds that it lacks subject matter jurisdiction over the case. Plaintiff seeks appellate review of his state court criminal judgment, which only the appellate state court has the authority to

---

[2] The Court notes that Plaintiff also listed Paula Cook from First Choice Investigative Solution as a defendant in this action. (Pl.'s Compl. at 3.) However, Plaintiffs fails to make any separate allegations against Ms. Cook in his Complaint.

review. *See Liedtke,* 18 F.3d at 317. Accordingly, it would be inappropriate for this Court to consider the merits of Plaintiff's claims or defendants' motions to dismiss.[3] The Court recommends that the case be dismissed for want of jurisdiction. *See McDonald v. Asvestas*, No. 3:97-CV-0120-G, 1997 WL 74711, at *1 (N.D. Tex. Feb. 12, 1997) ("If the court finds that it lacks subject matter jurisdiction, it has a duty to dismiss the case.").

## Recommendation

Because this Court lacks subject matter jurisdiction over the action, the District Court should dismiss this case without prejudice and **DENY** as **MOOT** the following motions: (1) Defendant Pryor's Motion to Dismiss Under FED. R. CIV. P. 12(b)(2)(5) and (6) (doc. 10), (2) Defendant Judge Magnis' Motion to Dismiss Under Federal Rules 12(b)(1) and 12(b)(6) (doc. 12), and (3) Defendant Miller's Motion to Dismiss Under FED. R. CIV. P. 12(b)(2)(5) and (6) (doc. 17).

**SO RECOMMENDED**, January 13, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court does note, however, that Plaintiff's request for each defendant to be fined one million dollars is barred by the *Heck* doctrine. *See Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994) (in order to recover damages for an unconstitutional conviction, a § 1983 plaintiff must prove that the conviction has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court). Plaintiff has failed to make any such showing. Additionally, Plaintiff's request to have each defendant tried in federal court is not well-founded because there is no constitutional right to have someone criminally prosecuted. *See Oliver v. Collins,* 914 F.2d 56, 60 (5th Cir. 1990).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).